United States District Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JAQUARIAS THOMAS, § § Plaintiff. § § v. § TEXAS CHILDREN'S HOSPITAL, § § Defendant. § | CIVIL ACTION NO. 4:22-cv-01845 |

## OPINION AND ORDER

Plaintiff Jaquarias Thomas ("Thomas"), proceeding *pro se*, filed suit against Defendant Texas Children's Hospital (the "Hospital"), alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *See* Dkt. 1 at 11. The Hospital has filed a Motion to Dismiss and for Summary Judgment ("Motion for Summary Judgment"). Dkt. 20. For the following reasons, the Hospital's Motion for Summary Judgment is **GRANTED**.

To briefly summarize this case: The summary judgment evidence is uncontroverted. Beginning in 2016, Texas Children's Health Plan ("TCHP") employed Thomas as a Field Relations Coordinator. In 2020, Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against TCH Health Plan. TCH Health Plan does not actually exist. In its EEOC Position Statement, the proper respondent, TCHP, explained that TCH Health Plan is not a legal entity, and that TCHP was Thomas's employer. Thomas claimed in the EEOC charge that TCH Health Plan fired him after he took medical leave to care for his son, who was diagnosed with depression and attention deficit hyperactivity disorder. The EEOC made no findings on the charge and issued a notice of Thomas's right to sue.

In April 2022, Thomas filed suit in state court, naming the Hospital—not TCHP or TCH Health Plan—as the sole defendant. "The Hospital and TCHP are

affiliated under the same parent company, but they are separate and distinct legal entities, each of which is registered separately with the Texas Secretary of State." Dkt. 20-2 at 2. In its Original Answer, the Hospital stated that it "was not [Thomas's] employer and is therefore not a proper party to this lawsuit, nor can it be liable to [Thomas]." Dkt. 1 at 20. Still, Thomas subsequently filed an Amended Complaint that named the Hospital as the one and only defendant.

In its Motion for Summary Judgment, the Hospital argues, in part, that I should grant summary judgment because the Hospital never acted as Thomas's employer. Thomas filed a response, but did not address the Hospital's argument.

The law is clear. Title VII prohibits an employer from discriminating or retaliating against employees on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A Title VII claim "cannot be brought against a non-employer." *McAdoo v. Texas*, 565 F. Supp. 2d 733, 738 (E.D. Tex. 2005). This is because Title VII only protects "the interests of those in employment relationships with the defendant." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020). The summary judgment record is devoid of any evidence establishing an employment relationship between Thomas and the Hospital. To the contrary, the summary judgment record is indisputable: "Thomas was employed by TCHP and has never been employed by the Hospital." Dkt. 20-2 at 2.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018) (quoting FED. R. CIV. P. 56(a)). In this case, there is no genuine dispute as to any material fact. Dismissal is appropriate because Thomas and the Hospital did not have an employment relationship. *See Brown v. City of Anna City Hall*, No. 4:22-cv-00571, 2023 WL 2585036, at *5 (E.D. Tex. Feb. 24, 2023) (holding that summary judgment is appropriate because "the uncontroverted summary judgment evidence shows Paramount was not Plaintiff's employer during the time relevant to his current Title VII claim."); *Jordan v. Ironworkers*

*Loc. 263*, No. 4:21-CV-00715, 2023 WL 1824194, at *3 (N.D. Tex. Jan. 20, 2023) ("Because Jordan fails to present sufficient summary judgment evidence to establish that Local 263, not the Trust, was his employer, his case should be dismissed because he did not sue the proper defendant.").

This is not a case of misnomer, which arises "when a plaintiff sues the correct entity under a mistaken name." *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 597 (5th Cir. 2020). This is clearly a misidentification, as "two separate legal entities actually exist and [Thomas] mistakenly sue[d] the entity with a name similar to that of the correct entity." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 438 n.4 (5th Cir. 2014) (quoting *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). What's odd here is that Thomas continued to pursue misdirected claims against the Hospital even though he was fully aware that the Hospital did not employ him. There is no genuine issue of fact here—the Hospital has nothing to do with this matter.

Accordingly, I **GRANT** the Hospital's Motion for Summary Judgment. I will issue a separate final judgment.

SIGNED this 14th day of June 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE